## UNION CENT. LIFE INS. CO. v. I. BAER CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. December 7, 1925.)

No. 4598.

1. **Appeal and error ⚖323(2), 324—Defendant could appeal, without joining other parties enjoined, where its interest was separate.**

In suit to restrain foreclosure of mortgages executed by bankrupt, defendant could appeal from decrees restraining foreclosure, without joining other parties enjoined, or having a severance as to them, where its interest was separate.

2. **Bankruptcy ⚖217(1)—Suit to foreclose mortgages executed by bankrupt not interfered with by bankruptcy court, except in plenary suit challenging validity of mortgages as against bankrupt's creditors.**

Suit to foreclose mortgages executed by bankrupt cannot be interfered with by bankruptcy court, except in plenary suit challenging validity of mortgages as against bankrupt's creditors, in view of Bankruptcy Act, § 70e (Comp. St. § 9654), where, when bankruptcy petition was filed and foreclosure suit instituted, mortgage property was in possession of stranger to bankruptcy proceeding under absolute conveyance, which was not attacked.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suit for injunction by the I. Baer Company, Limited, against the Union Central Life Insurance Company. Decree for plaintiff, and defendant appeals. Reversed.

J. C. Theus, of Monroe, La. (Theus, Grisham & Davis, of Monroe, La., on the brief), for appellant.

John M. Munholland, of Monroe, La. (George T. Edwards, of Winnsboro, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. After E. M. Campbell was adjudged a bankrupt, pursuant to an involuntary bankruptcy petition filed on January 2, 1925, and before the appointment of a trustee of the bankrupt's estate, the petitioning creditors filed in the court below a petition, praying the court to stay or enjoin further proceedings in four suits brought in a Louisiana state court after the filing of the bankruptcy petition for the foreclosure of several mortgages executed by the bankrupt, in one of which suits the appellant was the plaintiff. That petition did not show that the property embraced in said mortgages, or any of them, was in the bankrupt's possession when said bankruptcy petition was filed. The appellant's answer to that petition, after setting up the bankrupt's mortgage to it, made in June, 1923, alleged that the bankrupt by a described authentic act, for a valuable consideration, on October 18, 1924, conveyed the mortgaged property, and the actual as well as the legal possession thereof, to his wife, Mrs. Lucile Campbell, and alleged that said property was not in the bankrupt at the date of the filing of the bankruptcy petition. On the hearing of the above-mentioned petition for an injunction the judge had before him that petition, the appellant's answer thereto, and a certified copy of said act of sale. That hearing resulted in an order for the issue of a preliminary injunction as prayed for in said petition, upon the giving of a prescribed bond, which was given. The appeal is from that order.

[1] The appellee moved to dismiss the appeal on the ground that the parties enjoined, other than the appellant, did not join in the appeal, and that the record does not show that they refused to join in the appeal after written notice thereof. The appellant could

appeal without joining the other parties enjoined, or having a severance as to them, as its interest was separate. Winters v. United States, 207 U. S. 564, 28 S. Ct. 207, 52 L. Ed. 340; Hightower v. American Natl. Bank (C. C. A.) 276 F. 371. The motion to dismiss the appeal is denied.

[2] As above indicated, the record showed that at the time of the filing of the bankruptcy petition, and at the time of the institution of appellant's foreclosure suit, the property covered by the mortgage to appellant was not in the bankrupt's possession, but was in the possession of a stranger to the bankruptcy proceeding, under an absolute conveyance, which was not attacked. Nothing in the record indicated the invalidity of the mortgage to appellant. In the situation disclosed, the enforcement of that mortgage was not subject to be interfered with by the bankruptcy court, except in a plenary suit challenging the validity of that mortgage as against the bankrupt's creditors. Bankruptcy Act, § 70e (Comp. St. § 9654); Collier on Bankruptcy (12th Ed.) 1072, 1178. It follows that the decree appealed from was erroneous. That decree is reversed.